RECEIVED

SEP 2 0 2023

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Name and address of Plaintiff: AKil Johnson GK7874
Po Box 8837, 2500 liisburn RD
CAMPHill PA 17001

#4
2:23-cv-1686
15 BJ

v.

Full name, title, and business address
of each defendant in this action:
1 michelle Henry ATTorney GenerAl
15th floor StrawberrySquare
Harrisburg PA 17120

2 michael Zaken Superintendent
ScfGreene 169 progress DR
Waynesburg PA 15370

Use additional sheets, if necessary See Attached
Number each defendant.

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I.    Where are you now confined? SCI CAMP Hill

      What sentence are you serving? 49-98 Yrs

      What court imposed the sentence? BlAir counTy

II.   Previous Lawsuits

A.    Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit

      Plaintiffs Akil Johnson

      Defendants Morris Houser super
      IntenDenT AT SCI Benner TWP

2.    Court (if federal court, name the district; if state court, name the county) and docket number
      CenTre counTy state Civil

DeFenDanTs

(3) stephen BUZAS - (D.s, F.m.)
sci Greene
169 ProGress Dr
WAynesburg PA 15370

(4) M. DiAlesandro (D.s.c.s.)
SCI Greene
169 ProGress Dr
WAynesburG PA 15370

(5) mAureen mAlAnoskI - MAjor of Unit MAnAgemenT
sci Greene
169 ProGress Dr
WAynesburg PA 15370

(6) M. SWitzer - MAjor of the GUArDs
sci Greene
169 ProGress Dr
WAynesburg PA 15370

(7) C. PArker - R.H.U. CAPTAin
SCI Greene
169 ProGress Dr
WAynesburg PA 15370

(8) DAniel couleHAn - Unit MAnAGer of L-Block
SCI Greene

DeFenDants

169 ProGress DR
WAYnesburg PA 15370

9 Eric HinTemeyer - security CAptAIn
SCIGreene 169 ProGress DR
WAYnesburg PA 15370

10 minDY AnDreotti - Grievance coorDinaTor
SCIGreene 169 ProGress DR
WAYnesburg PA 15370

11 Zachary J. moslaK - chief HearinG EXAMiner
1920 Technology PARKWAY
mechanicsburg PA 17050

12 Dorina Varner - chief Grievance oFFicer
1920 Technology PARKWAY
mechanicsburg PA 17050
Each DeFenDant IS sueD InDiviDually
AnD In His/Her oFFicial cApAcity
AnD At all times MenTioneD In this IlleGal
confinemenT in the (SLS) Solitary
confinemenT In this IlleGal I.m.U.
ProGram on the OlD DeAth Row Block
With the IlleGal use oF the 651.
Which PA. 37 coDe 93.11(b) SuperceDeS
Each DeFenDant AcTeD under the colorOF StAts
LAW!

AnD A.D.A" At 42 U.S.C.
§§ 12101 - 12213

V. Did the incident of which you complain occur in an institution or place of custody in this District? If so, where?

Yes SCI Greene In Waynesburg PA

and answer the following questions:

A. Is there a prisoner grievance procedure in this institution?
Yes (X)  No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (X)  No ( )

C. If your answer is YES,

1. What steps did you take? I FileD A Grievance It Got Denied

2. What was the result? I AppeAleD It All the WAY threw to LAST STAGE D It Got Denied

D. If your answer is NO, explain why not: _____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?
Yes ( )  No ( )

F. If your answer is YES,

1. What steps did you take? _____

2. What was the result? _____

VI. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

TO  GranTing PlAinTiFF compensAtory DAmAGes In the AmounT
See ATTAcHeD

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

CourT Docket no 22-2736

3. Name of judge to whom case was assigned: Jonathan D. Grine

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

It was DismisseD, no AppeaL

5. Approximate date of filing lawsuit ~~12-22~~ 12-12-22

6. Approximate date of disposition 1-24-23

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

Where? SCI Benner TWP/soliTary confinemenT
When? 6-16-22
Result: PlAinTiFF ExhAusTeD All AppeAl proceeDinGs AnD All GrievAnce AppeaLs WAs DenieD AnD PlAinTiFF STATe TorT WAs DismisseD

III. What federal law do you claim was violated? my DuE Process
(1sT 4Th 5Th 8T (14Th AmenDmenT RiGhts (PA im im AcT)
MenTAl ILLness AcT 42 U.S.C & 810801-07 (PA im im AcT)
"A.D.A" AT 42 U.S.C. §§ 12101-12213

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

A. Date of event: 9-14-21

B. Place of event: L-CPoD 2 cell

C. Persons involved—name each person and tell what that person did to you:

① All DefenDAnTs 1 to 12 All pArTiciepATeD In DirecTly AnD KnowinGly conspireD WiTh EAch oTher too VioIATeD,

② my DuE Process, 1sT 4Th 5Th 8Th 14Th AmenDmenT RiGhTs AnD menTAl iLLness AcT 42 U.S.C.§10801-07 (PA im im AcT)

See ATTacheD

# Statement of claim

**(4)** All Defendants 2 threw 12, All conspired to Falsify Documentation, To Illegally Keep Plaintiff locked In solitary confinement on the old Death row Block, L-Block C-POD 2 cell,

**(5)** on 9-14-21 Between the Time of 1500 on LC-POD 2cell, Plaintiff receiveD A other report #D-635094 From the Defendant D. coulahan,

**(6)** Defendant D. coulahan stateD in this Illegal other report #D-635094 That per P.R.C. Defendants stephen Buzas, maureen malanoski, Martin switzer, C. Parker, M. DialesanDro, Eric Hintemeyer Plaintiff receiveD A time cut on remaining DC Time

**(7)** AnD Also stateD, The Plaintiff is In Danger From some person(s) in the Facility AnD cannot Be protecteD by Alternative measures, AnD/or the plaintiff is In Danger to some person(s) in the Facility AnD the persons cannot Be protecteD by Alternatives measure, AS A result Plaintiff will Be AssigneD AC status on the I.m.U. program which is very

# STATEMENT OF CLAIM

Illegal, Because All Defendants is Also conspiring with this Fake D.O.C policy,

⑧ 6.5.1. Which PA coDe 37, 93. 11 (b) supercedes 6.5.1. AnD Also violating there own, D.o.c Policy DC-ADM 802

⑨ All DefenDanTs 2 threw 10, on 9-14-21 BeTween the Times of 8:30 Am & 11:30 Am on LC-POD In the P.R.C room, Plaintiff WAS Given A Time cut For Illegal misconDucT #D-543972, AnD then the Plaintiff WAS placeD on AC status AnD Plaintiff can PARTicipAte In this Illegal I.M.U.ProGram

⑩ DefenDanTs, 3, 4, 5, 6, 7, 8, 9, 2, All signeD The DC-141, PARTY, AttAchmenT 6 A AnD GAve A copy to the PlaintiFF

⑪ on 12-23-21 PlaintiFF AppealeD the Illegal misconDucT other repoT #D-635094 To DefenDanT michAel ZAken AnD PlaintiFF ReceiveD A response From the DefenDanT ZAken on 1-7-22

⑫ on 1-13-22 PlaintiFF AppealeD, Too

# Statement of Claim

Defendant Zachary J. moslak The chief Hearing Examiner and Plaintiff received a response from Defendant moslak

③ Then on 1-14-22 Plaintiff wrote a letter To George little who is the Secretary of corrections, George little never responded back to the Plaintiff letter

④ Then on 3-8-22 Plaintiff seened Defendants 3,4,5,6,7,8,9 In the P.R.C. room, And Again Defendants 3,4,5,6,7,8,9 stated Plaintiff may Begin This Illegal I.m.U. Program And Plaintiff Also Have a copy of the DC-141, Part 4, Attachment 6-A

⑤ on 12-21-21 Plaintiff wrote a Grievance About my Illegal confinement And About Being forced In the I.m.U. Illegal Program with no policy or Dialogue And Plaintiff is not on R.R.L. And Defendant BUZAS Have no Type of status for me,

# Statement of Claim

(16) on 1-31-22 Plaintiff received a response to Grievance #960217 From Defendant Mindy Andreetti who is the Grievance Coordinator,

(17) Plaintiff Appealed Defendant Andreetti response on 1-31-22 to Defendant Michael Zaken

(18) on 3-1-22 Plaintiff received a Grievance Denial From Defendant Zaken

(19) on 3-4-22 Plaintiff Appealed Defendant Zaken response to Defendant Dorina Varner chief Grievance Coordinator

(20) on 5-2-22 Plaintiff received a response From Defendant Dorina Varner, Assistant Keri moore who signed For Varner

(21) All Defendants 1,2,3,4,5,6,7,8,9,10,11,12, Violated Plaintiff Due process Rights, 1st 4th 5th 8th 14th Amendment Rights and "ADA" Rights at 42 U.S.C. §§ 12101-12213 and my mental Illness Act 42 U.S.C. §§ 10801-07 (PAIMI ACT) and also a Violation of the D.O.C. policy DC ADM 802 section 2-Administrative Hearings,

Statement of claim

22) Defendant michele Henry who is the Attorney General And the over seer of the Entire D.O.C. But Allowed knowingly Too Allow Plaintiff to Be Housed on the old Death row Block under A Illegal Program I.m.U. with the Purpose To receive All types of Funding, with the purpose of splitting the Funding with all the Defendants mentioned In this complaint

23) All Defendants, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 knowingly have personal knowledge that Plaintiff is A mental Health Patient And Plaintiff is on the Active mental Health Roster And is a stability code (C)

24) Plaintiff Been Illegally confined At SCI Greene since 9-28-20 Against Plaintiff own will, and was Held Hostaged And Also kidnapped By All Defendants who Also knowingly conspired with Each other with the Purpose of retaliation Against the Plaintiff For writing And Filing Grievances to complain About Plaintiff confinement And the last Time Plaintiff Had A Psychological Assessment was 4-22-20 now By Plaintiff

## Statement of claim

Being a mental Health patient stability code (c) on the active MD/ID roster per access to mental Health care 13.8.1 If solitary confinement continues Beyond 30 Days,

(25) Upon placement in the restrictive Housing or special management Housing the Psychology staff SHALL complete a mental Health assessment at least Every 30 Days and more frequently, If clinically Indicated This mental Health assessment will Be Documented with a FULL DC-560 and memorialization/review of the Embedded SRA, an Individual, too continuously Be confined in solitary confinement For a period of ONE YEAR SHALL, Be Given at a minimum and Annual psychological Addressing, the surfability of continued confinement the (SLS) solitary confinement regardless of current mH/ID Roster status and Psychology staff, SHALL make recommendations to P.R.C regarding plaintiff and Individuals on Long term AC/DC status, who may Be released too population and plaintiff SHALL receive an Average of 4 hours of Group Treatment per week per policy, plaintiff, wasn't receiving none of that

Statement of claim

26) This is why Plaintiff is Filing this 1983 civil suit comdaint, For Illegal confinement In the (SLS) solitary confinement on the Illegal I.M.U. Program, on the old Death Row Block As A retaliation Tacticed By All Defendants mentioned 1 to 12, Because not only Are All Defendants 1 to 12 Are violating Plaintiff DUE process But also Plaintiff 1st 4th 5th 8th 14th Amendment Rights And violations of Plaintiff Federal Rights "Americans" with Disabilities Acts (A.D.A.) mental Health Illness Act 42 U.S.C. §§10801-07 (PAIMI ACT)

## FACTS

27) That In violation of Plaintiff's 1st 4th 5th 8th 14th Amendment Right to the United States constitution, Article I, sections 13, 20 And 26 of the Pennsylvania constitution tittle 37 PA code section 93.11 (b) And Pennsylvania Department of corrections Administrative Directive 802 (Administrative custody procedures) Plaintiff was unconstitutionally And unlawfully confined In the (SLS) solitary confinement By All Defendants 1 to 12

FACTS

28) That as a prisoner In General Population Plaintiff would have Freedom of movement within the perimeter fence now Plaintiff was virtually unrestricted, Plaintiff had access to the Exercise Yard three times Daily For approximately 3 ½ hours of Daily out Door Exercise Plaintiff could visit the prison Law Library at least three times Per week Plaintiff had access to the Gym, weight Room, Islamic study classes Ju-matt Every Friday school, Eat In the Dinning Hall, spend up to $65.⁰⁰ Per week at the prison commissary on Food Items Groceries clothing, and other Items, Plaintiff could make Phone calls to Family Friends and Attorney's, and the moorish Science Temple up to three times A DAY Plaintiff could receive contact visits In the visiting room Plaintiff was permitted to have In Plaintiff cell word processor, television, Radio, cassett Player, tablet, and Keyboard All of Plaintiff Legal Papers, Books and Personal Papers and All Property Plaintiff was Allowed to take Daily showers and shave with Plaintiff own razor Daily Plaintiff was Allowed to socialize and mingle with All the other prisoners In Population

FacTs

PLAINTIFF WAS ALLoweD, to AVAIL HimseIF of the
EDuctional AND ALso vocational ProGrams AND
work AT A Job AND Remain Free to moue About
withIn the Prison From Approximately 6:30 Am
when the PLAINTIFF went to BreakFast in the
DinninG HAll, uNTil 8:45 pm when PLAINTiff WAS
confineD to PLAINTIFF cell for the niGht

(29) PLAINTIFF Is protecteD by §504 of the RehabiliTaTion
ACT of 1973, 29 U.S.C. § 794 (A) AND by Tittle
II of the AmericANs with Disabilities AcT 42
U.S.C. §12131, et seq. The RehabiliTATion ACT was
createD to Apply to FeDeral Executive
AGencies, IncluDinG the BUREAU OF Prisons
AND to Any proGram thAT receiues FeDeral
FunDinG The "ADA" WAS createD to reGulATe
stATe AND LocAl GoueRment proGrAms even those
thAT Do noT receiue FeDeral FUNDinG

(30) The supreme court recentlY helD In
GooDmAn v. GeorGiA thAT Tittle II of the
"ADA" vAliDlY AbroGATes stATe sovereIGn
ImmunitY As leAst InsoFar As It creATes
A privATe cAuse of AcTion for DAmAGes For
conDucT thAT ActuAllY violAtes the
Fourteenth AmenDment In the prison
conTexT this meAns thAT A DisAbleD

## FACTS

prisoner who is Incarcerated In state prison may sue the state for monetary Damages under the "ADA" Based on conduct that Independently violates Plaintiff Due process clause of the Fourteenth Amendment (Incorporating the Eighth Amendment's prohibition on cruel And unusual punishment) Thus although the "ADA" arguably prohibits A broader swath of state conduct than what is barred by the Eighth Amendment It remains A settled question that Plaintiff is Disabled And can seek Damages For conduct that violates the "ADA" And the constitution

(30) Plaintiff Has Exhausted all Admistrative Remedies And Plaintiff Has no other Adequate Remedy At Law, But to File this 1983 civil suit

(32) The other's report claim, Plaintiff Has made numerious Efforts to Have this Fabricated And Erroneous other's report removed From Plaintiff's File by the Defendants 1 to 12 And these Defendants Knowingly used False, Fabricated And Erroneous Information to Keep Plaintiff

# FACTS

In the (SLS) solitary confinement status as a means of punishment

33) (All (Defendants mentioned at (All Times In this complaint) to (2 subjects Plaintiff to cruel unusual and Barbarically Inhumane punishments that shock the conscience and are a Gross affront and Insult to civilized standards of Decency

34) Plaintiff is Being purportedly confined In administrative custody for Plaintiff own protection see All Appeals/Decisions is subjected to punitive and Disciplinary conditions of confinement and Plaintiff is Being severly punished In the Absence of any misconducts or violation of the Institutional Rules or regulations punishments In the Absence of misconducts is cruel and unusual punishment

35) Plaintiff is completely Denied and Deprived of the Rights and Privileges Plaintiff Enjoyed as a prisoner In General population

36) Plaintiff was confined in the (SLS) solitary confinement cell 23 hours per Day monday

# FacTs

Through FriDAY AND 24 hours per DAY on SAtuRDAY AND SunDAY

(37) PLAinTiFF WAS DenieD ADequate out Door, Exercise PlAinTiFF only out Door Exercise consists of BeinG taken From PlAinTiFF cell with HAnDS cuFFeD BehinD PlAinTiFF BACK AnD locKeD InsiDe A DOG Kennel TYpe CAGe, completely EnclOSeD with wire FencinG on All siDes AnD TOp, meAscrinG 15 Feet lOnG by 15 FeeT WiDe for one hour Per DAY monDAY through FriDAY the DOG Kennel CAGes, HAS nothinG In IT AnD Exercise is limiteD BY Just PAcinG BACK AnD forth

(38) PLAinTiFF WAS completely DenieD DAily Phone cAlls

(39) PLAinTiFF WAS DenieD conTACT VisiTs AnD non conTACT VisiTs

(40) PlAinTiFF WAS DenieD meDicAl TreAtment

(41) PLAinTiFF WAS DenceD ADeqcAte FooD FooD Portions HAve been reDuceD PlAinTiFF WAS FeD colD FooD on DirTY Rubber TRAYs

FACTS

(42) PLAINTIFF WAS DENIED ACCESS to the Prison Law Library AND then BEING DENIED ACCESS to the courTs By BEING DENIED ACCESS to the Law Library Books PLAINTIFF needed to ASSIST PLAINTIFF In Pre-PAIrinG AnD ProsecutinG, APPEAls, PoST convicTions AND FeDeral HaBeas corpus Petitions

(43) The PuniTive AnD unHeAlthy condiTions of PLAINTIFF confinemenT in the (SC5) soli tary confinemenT Are AGGrAvATinG AnD WorseninG PLAINTIFF previously mentAl Health, Diagnoses Anxiety, Depression, P.T.S.D. EArly stAGes, ADDiTionAlly, PLAINTIFF is now sUFFerinG From sYmptoms of, Behaviors of Intense PArAnoiA Extreme AGiTATion, rApiD EmoTional chanGes Delusions AnD HAllucinATion's, Intermittent GrunTinG And IncoherenTly screAminG For no ApPArenT reAson, AlonG with religious AnD rACial Epithets pleas For protection, Don't let them Kill me, From Increased Due to the PuniTive AnD BArBAuric conDiTions of PLAINTiFF SoliTAry confinemenT

(44) That All DeFenDIAnTS menTioneD 1 to 12 At All times In This complAinT SUbJects PlAinTiFF to IsolATion, SeGreGATion, AnD Sensory DepriuATion That is DelibeRAtely Designed

FacTS

AND InTenDeD to Impair AND WeaKen PlainTiFFs
PhysicAl AND menTal Health All DefenDAnTs menTioned
In this complainT AT All Times 1 to 12 Denys
AND Deprives PlainTiFF oF Phone cAlls too
Family, Friends AND ATTorneys AND Also Deprives
PlainTiFF oF visiTs conTacT AND non-conTacT
visiTs, Also Deny PlainTiFF the use of A
RADio, Television, AND PrevenTs PlainTiFF From
SociAlizinG with other Prisoners AND confines
PlainTiFF In a concrete Box oF A cell For up to
24 hours A DAY on weekenDs AND 23 hours A DAY
on WeekDAys

(45) The PlainTiFF who is From PhilaDelphia AND
BlAir counTy is HelD In VirtuAl Incommunicado
From Family AND Friends

(46) That all DefenDAnTs menTioned AT All times
1 to 12 In this complainT is All conspiring
with this unconstitutionally uses oF the
(SCS) solitary confinement reGime to Punish
PlainTiFF AND RetaliaTe AGAinst PlainTiFF
BecAuse PlainTiFF Writes Grievances too
complain AbouT PlainTiFF confinement which
PlainTiFF HAve A riGht too Do speciAlly
In GooD FAith

## FACTS

(47) That PLAINTIFF WAS PLACED on the OLD Death Row Block on 9-28-20 Per others Report misconDuct #D047303 with the Purpose of, the Facility has an operational need, appropriate Bed space to Assign PLAINTIFF to IAC status And House In RHU setting In the Absence of Any misconDuct or Any Violations of Institutional Rules or Any Regulations PLAINTIFF IS Just using this As Evidence, to show the court I was purposely TarGeteD with the purpose of retaliation

(48) That All DefenDants 1 to 12 mentioneD At All times In this complaint Acquiesces In the storm Trooper TActics of All the DefenDants mentioneD At All Times In this complaint 1 to 12 suborDinates the GuarDs And P.R.C. And chief HearinG Examiner, chief Grievance coorDinator, superIntenDent, Attorney General In confininG PLAINTIFF In SoliTary confinement In violation of the tittle 37 PA code section 93.11(b) AND DC-ADM 802

(49) All DefenDants mentioneD At All times In this complaint 1 to 12 All there suborDinates on the P.R.C. superIntenDent, Grievance

# FACTS

coordinator, Attorney General, chief Grievance coordinator, chief Hearing Examiner, Together Have conspired Amongst Themselves And with others to carry out An unwritten And criminally corrupt policy of causing Prisoners And Plaintiff who Are Eligible For Population to be confined In solitary confinement of Falsified Fraudulent And Pretextual Reports solely to Prejudice Prisoners And Plaintiff, Including Plaintiff In Being considered For Population

50) That DC-ADM 802 Governs the Placement of Prisoners And Plaintiff In Solitary confinement In the (SL5) DC-ADM 802 contains the written Procedures Required by title 37 PA. code section 93.11(b) that the Department of corrections And All of Its Agents officers servants And Employees must comply with In Placing Prisoners And Plaintiff In IAC status solitary confinement specially mental Health Patients, like the Plaintiff

51) That said DC-ADM 802 And title 37. PA code section 93.11(b) provides Plaintiff with A DUE Process protected liberty Interest In Remaining In General Population once

FACTS

PLAINTIFF MODIFIES PLAINTIFF BEHAVIOR
IN the ACCORDANCE with the criteria IN
DC-ADM 802 Section VI,C,3,A Through F
(PAGE 802-5)

(52) THAT PLAINTIFF summary Denial From
General Population 9-14-21, 9-21-21, 1-7-22,
3-3-22, 3-8-22, IS IN violation oF PLAINTIFF
Protected liberty InTeresT to Go to General
Population violated PLAINTIFF RIGHTS to DUE
Process of law, UNDer, Both state AND FeDerAl
constitutions, Denied PLAINTIFF DUE Process
oF law IN violation of the tittle 37 PA CoDe
Section 93.11(b) AND was countAry to DC-ADM
802 Section VI, A.1, A Through J which Describes
the 10 speciFic Reason(s) That allow the shift
commANDer to remove A prisoner From General
Population AND confine the PLAINTIFF IN AC
stAtUs solitary confinement

(53) On 9-14-21, 1500 Hours PLAINTIFF Finally
received A new FalsiFieD other's misconduct
report # D635094 without All the
proper signatures AND It states Per PRC
DATeD 9-14-21 PLAINTIFF Johnson receiveD A time
cut on remaining DC Time. The Inmate/PLAINTIFF
IS IN DAnGer From some person(s) In the FACILITY

FacTS

AND cAnnoT be proTecTeD bY AlTernATiue meAsures AnD/or the PlAinTiFF is In DAnGer to some person(s) in the FACilITY AND the person(s) cAnnoT be proTecTeD bY AlTernATiue meAsures, As A result PlAinTiFF will Be AssiGneD AC sTATus on the I M U. PlAinTiFF never Been In the S M U or PlAinTiFF never Been on R.R.L.

54) not only is the AboVe QuoTeD other's misconDucT reporT #D635094 Are compleTely FAlse FAbricATeD AnD FrAuDulenT BuT It is not BASeD on Any oF the 10 reAsons SPeciFieD In DC-ADm 802 section VI (A.1, D ThrouGh ) (At PAGes 802-2, 802-3)

55) on 9-14-21, 9-21-21 PlAinTiFF recieueD A HeArinG BeFor the FollowinG DeFenDAnTs, which WAS AuDio AnD ViDeo recorDeD consistinG of DeFenDAnTs, BuZAS, mAlAnoskI, switzer, coulehAn PArker, DiAlesAnDro, Hintemeyer, This HeArinG wAS ostensibly to DeTermine whether or not For PlAinTiFF to FiGHT For PlAinTiFF FreeDom, AnD proue AnD show thAt, there WAS InsufFicienT reAsons For keepinG PlAinTiFF In SolitArycconFinemenT on this IlleGAl DeATh Row Block, AnD Also This IlleGAl I.m.u ProGrAm, BeinG RAn unDer the IlleGAl 6.S.l. DOC securiTy Leuels

FACTS

Housing Units Procedure manual section 3-
Intensive management Unit (I.M.U.) none of
This was Approved By the legislative Bureau
In Harrisburg PA, As It Does not Establish
A standard of conduct

(56) Plaintiff Have A protected Liberty Interest
to Be released too General Population And too
continue to Possess And Exercise the rights
And privileges, specified In the preceding
Paragraph numbers, 53 Pursuant to title
37 PA code Section 93.11(b) which states that
confinement In A Restricted Housing Unit
(RHU/SLS) other than under Procedures
Established For Inmates Discipline will not Be
Done For Punitive Purposes, the Department of the
corrections will maintain written Procedures which
Describe the reason(s) For Housing Plaintiff And
Inmates in the (RHU/SLS) And require Due Process
In Accordance with Established Principles of
law For Plaintiff And Inmates who Is Housed
In the (RHU/SLS) (Emphasis Added)

(57) That the written Procedures which Describe
the reasons And Govern the Procedures For
Denying Plaintiff From General Population And
Placing Plaintiff in Solitary confinement under

# Facts

AC Status Are contained In DC-ADM 802

58) Plaintiff was, summarily and unconstitutionaly Denied to Go to General Population and Placed In solitary confinement And that Plaintiff was Denied A Hearing, by being placed in solitary confinement, And plaintiff will show and prove a pattern of lies and Fabrication and Falsifying of All type of other misconduct Reports, and Also Falsified misconducts, as A retaliation, For Plaintiff Exercising Plaintiff Rights, By writing Grievances, To complain about Plaintiff confinement All In Good Faith

59) Plaintiff Didn't commit Anytype of misconduct nor Violate any Institutional Rules or Regulations, prior to being placed In Solitary confinement

60) Plaintiff was Immediately placed under conditions of Punitive Disciplinary confinement When plaintiff was placed In solitary confinement Plaintiff was stripped of all the Rights and privileges

## FACTS

(6) It's A known Fact that DeFenDant Buzas Don't care what Happens, to Plaintiff And DeFenDant Buzas, Don't care About Plaintiff well being, or DeFenDant Buzas oFFicers, Because to state proof And to Also substantiate Plaintiff claim, It's A know Fact And on File that DeFenDant Buzas, was on B-Block In population, when c.o. Ms. norris, was Attacked, By A Inmate, And DeFenDant Buzas, was Hiding under the steps, And never called on the, Radio For Help, DeFenDant Buzas, just watched c.o. Ms. norris DeFend HerselF, until Help came, And c.o. Ms. norris, was Injured, And DeFenDant Buzas, ran oFF the Block, when the Door was opened Then on K-Block In population, DeFenDant Buzas, watched And witnessed c.o. Ms. Middleton Being Dragged By two Inmates, with the Attempt oF Her too Be Raped Again DeFenDant Buzas DID nothing At All, DeFenDant Buzas, DiDn't Even Radio For no Help,

(6) It's A known Fact that DeFenDant Zaken, knowingly knew, that DeFenDant Buzas Allowed this HorriFic Act take place with c.o.'s Ms. norris, And Ms. Middleton, And DeFenDant Zaken, still Appointed DeFenDant Buzas the

# Facts

Deputy position of Security of the Entire Jail at SCI Greene And Defendant Buzas Didn't take no Type of Test too See if He is qualified, to have the Deputy of Security position,

(63) It's A Known Fact that All Defendants 1 to 12 Dont care About or respect no Mental Health Patient like the Plaintiff And To substantiate Plaintiff claims About All Defendants 1 to 12, civil case no 1:13 cv-0063 Disability Rights Network of Pennsylvania v. John Wetzel settle Agreement was violated

(64) Plaintiff wants Defendants 1 to 12 pass prior Records And there Prison Personnel File, For Criminal convictions and Prior Bad Acts, and Also Character Evidence and All Pass misconduct History For State and Federal civil Suits, to be Saved And used As Evidence until All court proceedings Are Final

(65) All Defendants 1 to 12 mentioned In this complaint at all Times Knowingly violated Plaintiff Federal Rights, under the Federal Protection and Advocacy For

# FacTS

Individuals with mental Health Illness
ACT 42 U.S.C §§ 10801-07 (PAImI ACT) And
Also In violation of the DISAbility Rights
network of Pennsylvania settle Agreement
Release and a violation of PLAInTIFF's other
Federal Rights under Americans with
Disability ACT "(ADA) 42 U.S.C §§ 1210/-12213

66) now PLAINTIFF sUFFers From symToms oF
Behaviors oF IntenSe PARAnoIA, Extreme
AGITATIon, rapID EmoTional changes Delusions
And HalluCinAtions IntermitteD GrunTinG
And IncoherentlY screaminG For no
ApparenT reason, along wIth religious And
raCial Epithets' pleas For protecTecTion Don't
let them KIll me

67) It's A known FACT that DEFEnDANTs 2 to 10
DIDn'T review PLAINTIFF's (SLS)soliTAry
confinemenT staTUS PlacemenT wITh In the
72 hours per DC-ADm 802 policy

68) PLAINTIFF WAS on CAmerA movemenT, which
mrAns A CAmerA AUDIO VIDeo, woolD sIT In
Front oF PLAINTIFF cell 24 Hours A DAY 7 DAYs
A Week AnD AnY Time PLAINTIFF woulD
leave the cell, there woulD Be A HAnD

## FACTS

Held Audio Video recording camera on Plaintiff, so Plaintiff would like all Audio Video recordings to be used as Evidence also, until Trial is over

69) Plaintiff was dianose with P.T.S.D while In the (SCS) solitary confinement on the old Death row Block, In the illegal I.m.U. Program

## Relief

$350,000 Against All Defendants mentioned At all times In this complaint 1 to 12 jointly and severally

70) Plaintiff seeks punitive Damages, compensatory Damages, mental Anguish, Emotional Distress Retaliation, my Due process, nominal Damages, $350,000 From all Defendants mentioned In this complaint Defendants 1 to 12 Jointly and severally

72) Plaintiff wants $1,000 per Day From all Defendants mentioned In this complaint all times 1 to 12 For Every Day Plaintiff spent In the (SCS) solitary confinement on the old Death Row Block and Plaintiff time spent In

# Relief

The Illegal I. M. U. Program, For Punitive Damages, Mental Anguish, Emotional Distress Retaliation, DUE Process And For Also Violating Plaintiff Mental Health Disability Act (ADA)

(73) Plaintiff Also seeks, What Ever the courts Deem neccesary For All Defendants 1 to 2 For Violating Plaintiff's 1st 4th 5th 8th 14th Amendment Rights, And Also Plaintiffs Federal Rights under the Federal Protection And Advocacy for Individuals with mental Illness Act 42 U.S.C.§§10801-07 (PAIMI Act) And Plaintiff's Federal Rights Under Americans With Disability Act (ADA) 42 U.S.C.§§12101-12213

(74) Plaintiff seek Jury Trial on all Issues In this complaint

(75) Plaintiff Also seeks recovery of the cost In this civil suit And Any Additional relief This court Deem Just proper And Also Equitable

(76) Plaintiff seeks A Jail of Plaintiff's choosing And A Job of Plaintiff choosing

I ask That the clerk's office of The U.S. courThouse To place the Following on Record as Evidence Along with Plaintiff's complainT Please:

PlainTIFF Request to staff member DaTeD 1-21-22 PlainTIFF Requests to staFF DaTes, 2-3-22, 1-21-22, 3 PAGes of conDitions of ConFinemenT 2 PAGes of this step Down ProGram For PLAinTIFF When scI Greene senT PlAinTIFF to scI Benner TWP 2 PAGe lettor DaTeD 1-14-22 PLAinTIFF senT to the Ex-secreTary of correcTions 7 copies oF DC-141, PArT Y PLAinTIFF receiVeD with the FollowinG DaTes 5-18-21 8-17-21 3-8-22 9-14-21 9-14-21 3-8-22 3-8-22 1 copy oF DC-141, PArT 3 DaTeD 9-14-21 1 corY oF A response DATeD 3-3-22, From DeFenDAnT moslAk, 1 corY oF A response DateD 1-7-22 From DeFenDAnT Zinken, 1 corY oF the other miscconDucT reporT DATeD 9-14-21, 2 PAGes oF This IlleGal I. M. U. ProGram DATeD 5-5-22, 1 copY oF the IlleGAl I. m. U. services AnD priviIeges charT 1 corY oF the IlleGal I. M. U. weekly scheDule 1 corY oF the IlleGAl I. m. U. Weekly scheDule DateD 4-25-22, 7 PAGes oF the IlleGAl I. m U. HAnD Book DAteD 5-7-22, 1 corY oF Final AppeAl DecIsion DIsmIssAl DATeD 5-2-22

PAGe 1

1 copy of Plaintiff Grievance Appeal Dated 1-31-22 to Defendant Zaken, 1 copy of DC-141 (part 4 Dated 10-27-20) copy of the other misconduct report #D047303 Dated 9-28-20 showing Plaintiff should have Been released to the General population, 1 copy of the Initial Review response from Defendant Andreetti Dated 1-31-22, 1 copy of a Initial Level Extension Dated 1-14-22, 2 page copy of Plaintiff Grievance #960217 Dated 12-21-21, 1 copy of a response from Defendant Zaken Dated 3-1-22, 2 pages of Plaintiff Appeal to Defendant Zaken Dated 12-23-21, 1 copy of Plaintiff Appeal to Defendant Moslak Dated 1-13-22, 1 copy of Defendant coulehan Trying to take all Plaintiff Legal and all paperwork Dated 5-26-21, 1 copy of a Initial Review response Dated 1-12-22, to Plaintiff Grievance #960633, 1 copy of a response to Plaintiff Appeal from Defendant Zaken Dated 2-9-22, 1 copy of Final Appeal Decision Dismissal response from Defendant Varner/moore Dated 5-13-22, 2 pages of a copy of Plaintiff Grievance #960633 Dated 12-21-21, 1 copy of Defendant Andreetti putting

PAGE 2

PLaintiff on Grievance restriction Dated 5-11-22, 1 copy of Defendant taken response to the Grievance restriction of Plaintiff as a retaliation act to stop Plaintiff from Filing Grievances Dated 5-12-22 1 copy of the Illegal I.m.U. Program, Weekly L-Block Laundry Schedule 1 copy of the Illegal I.m.U. Program Weekly schedule For L C and L D pods Dated 10-15-20, A copy of Pages 2,3,4 as Evidence From the Plaintiff 1 copy of A motion of Appointment of coonsel For Plaintiff Dated 9-14-23 1 copy of A Another step Down Program For the Plaintiff, 1 copy of Plaintiff certificate of completion Dated 3-20-23!

Respectfully submitted
AKil Johnson

9-14-23

pAGe 3

9-14-23

_____
(Date)

_____
(Signature of Plaintiff)