IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKIL ASIM JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-1686 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| MICHELLE HENRY, Attorney General, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Akil Asim Johnson, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") at SCI Somerset, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against twelve defendants who are employees of the DOC and the Pennsylvania Office of the Attorney General. For the reasons below, Plaintiff's case will be dismissed for failure to prosecute.

I. **Procedural History**

Plaintiff's Complaint was received in September 2023. After he corrected certain procedural deficiencies, the Complaint was docketed on October 25, 2023. (ECF No. 11). Plaintiff's claims arose out of his allegedly improper confinement in the Intensive Management Unit in administrative custody while at SCI Greene. He asserted violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act against all defendants in their individual and official capacities.

Defendants' subsequently filed Motion to Dismiss (ECF No. 25) was granted on September 27, 2024. The Court dismissed with prejudice the § 1983 claims against Defendants in their official capacities and the claims under the Fourth and Fifth Amendments. (ECF No. 53.) The motion was

granted without prejudice in all other respects and Plaintiff was given leave to file an Amended Complaint on or before November 1, 2024. (*Id.*) The Order of Court advised Plaintiff that his failure to file an Amended Complaint by that date would be construed as his decision not to prosecute this case. (*Id.*)

On October 18, 2024, Plaintiff filed a Motion to Extend Time to file an Amended Complaint. (ECF No. 55.) This Court granted the Motion, extending the deadline until December 2, 2024. (ECF No. 56.)

Plaintiff requested another extension on November 26, 2024, citing limited library time, and asserting that this would be his last request for additional time. (ECF No. 60.) The Court granted his motion and extended the deadline to amend his complaint until January 10, 2025. (ECF No. 62.)

That said, on January 3, 2025, Plaintiff requested a third extension of time, this time for six months, explaining, among other things, that he was seeking counsel to help him. (ECF No. 65.) While the Court concluded that an additional six-month extension was unwarranted, it granted Plaintiff's request in part by extending the deadline to file an Amended Complaint to February 10, 2025. (ECF No. 66.) The Court advised Plaintiff that no further extensions would be granted. (*Id.*)

A month later, on February 6, 2025, Plaintiff requested a fourth extension of time in which he again referenced his efforts to retain a law firm to represent him. (ECF No. 68.) The Court gave him an extension only until March 14, 2025 and advised Plaintiff that if he failed to file an Amended Complaint by that date, his case would be dismissed without further notice to him. (ECF No. 69.)

Since then, Plaintiff has neither filed an Amended Complaint, sought another extension to do so, or otherwise communicated with the Court.

**II.     Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim. Under this Rule, a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth these six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal in order to determine that dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits[.]" *Id.* "[D]ismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort[,]" and close calls should "be resolved in favor of reaching a decision on the merits." *Id.* at 133. Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* at 132 (citing *Poulis*, 747 F.3d at 867 n.1).

3

The first *Poulis* factor, the extent of Plaintiff's personal responsibility favors dismissal. Plaintiff is proceeding *pro se* and is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011). He has sought multiple extensions but has failed to act within the extended time frame. Even assuming that limitations on library time have hindered Plaintiff's progress to some extent or that he attempted, apparently without success, to seek counsel at some point, he has had nearly six months in which to remedy the deficiencies in his Complaint and has failed to do so. Thus, he is responsible for the delays in this action.

As for the second *Poulis* factor, it is necessary to assess whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Plaintiff commenced this action in 2023 and his repeated missing of deadlines frustrates and delays resolution of his claims against Defendants. While there is no evidence of substantial prejudice to date, Defendants have been unable to evaluate an amended complaint or otherwise proceed with their defense in this action, which could result in the loss of evidence, additional costs, or witness issues. Thus, the second *Poulis* factor weighs slightly in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v.*

4

*Johns-Manville Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Here, Plaintiff requested and was provided with multiple extensions of time to respond to the motion to dismiss. (ECF Nos. 30, 33, 36, and 42.) After Defendants' motion to dismiss was granted, Plaintiff was granted three extensions of time totaling nearly six months to amend his complaint. Thus, there is a clear history of dilatory conduct, and as such, the third *Poulis* factor also weighs in favor of dismissal.

The fourth *Poulis* factor requires an analysis of whether Plaintiff's conduct is willful. In making such a determination, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court and making false promises to correct delays." *Hildebrand*, 923 F.3d at 135. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,'…that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 877). Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id.* at 136. Because the court cannot conclude that Plaintiff's dilatory conduct is in bad faith, this factor does not weigh in favor of dismissal.

As for the fifth *Poulis* factor, the Court must consider the effectiveness of sanctions other than dismissal. It is well-established that alternative, monetary sanctions are ineffective where, as is the case here, the plaintiff is indigent. *See, e.g.*, *Breenan v. Clause*, No. 2:11-cv-146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson*, 296 F.3d at 191).

Despite being advised that no further extension would be granted, and most recently, being warning that his failure to amend his complaint would result in dismissal, Plaintiff has failed to take any action to advance this case. Thus, this factor also supports dismissal.

Finally, when evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Plaintiff's claims. A claim will be considered meritorious "when the allegations of the pleadings, if established at trial, would support recover by plaintiff." *Poulis*, 747 F.2d at 869-70. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim applies in the *Pouli*s analysis. *Briscoe*, 538 F.3d at 263. Because all of his claims have been dismissed, the Court cannot reach any conclusion about whether Plaintiff could successfully amend those that were dismissed without prejudice. Therefore, this final *Poulis* factor is neutral.

### III. Conclusion

In conclusion, an evaluation of the relevant *Poulis* factors weighs in favor of dismissal. This case has been pending for more than a year without advancing beyond the motion to dismiss stage. Because Plaintiff has failed to amend his complaint despite being granted leave to do so, there are no claims pending in this matter. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if Plaintiff repeatedly fails to meet court-ordered deadlines or take any action to prosecute this matter despite multiple extensions of time to do so. For these reasons, this case will be dismissed for failure to prosecute.

An appropriate Order follows.

Dated: March 27, 2025                   /s/ Patricia L. Dodge
                                        PATRICIA L. DODGE
                                        UNITED STATES MAGISTRATE JUDGE